J-A26032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF BONNIE M. SCHEERBAUM, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DONALD G. JACKMAN, JR. | : : : : : : : | No. 1331 WDA 2024 |

Appeal from the Order Entered October 1, 2024
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
O.C. No. 114 of 2023

BEFORE: OLSON, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED: December 23, 2025**

Appellant, Donald G. Jackman, appeals from the order entered in the Butler County Court of Common Pleas Orphans' Court, which granted the motion for judgment on the pleadings filed by the Estate of Bonnie M. Scheerbaum, Deceased ("Estate"), and dismissed Appellant's objections to the first and final account of the Estate.[1]  Upon review, we remand this matter to the Orphans' Court.

Briefly, on May 8, 2023, following the death of his mother, the Deceased, Appellant filed a claim against her Estate seeking reimbursement for three classic cars which he alleges the Deceased wrongfully sold while he was imprisoned in 2004.  The Estate filed a first and final account on April 1,

_____

[1] On September 25, 2025, this Court granted the application of Colleen Sahli and Michael Sahli ("Intervenors") to intervene in this matter.

2024, to which Appellant filed objections on May 13, 2024. The Orphans' Court conducted a hearing on September 5, 2024, after which the Estate filed a motion for judgment on the pleadings. On October 1, 2024, the court entered an order granting the Estate's motion for judgment on the pleadings and dismissing Appellant's objections to the first and final account. Appellant filed a timely notice of appeal on October 29, 2024.

Following receipt of this Court's letter providing the Orphans' Court with a copy of the docket in the above appeal, the Orphans' Court sent a letter informing this Court that it had not been served with a notice of appeal related to this matter.[2] As a result, the Orphans' Court explained it did not intend to issue an order per Pa.R.A.P. 1925(b) or to provide a Rule 1925(a) opinion.

Initially, we note that Pennsylvania Rule of Appellate Procedure 906(a) requires that, concurrently with filing a notice of appeal under Rule 905, an appellant must serve copies of the notice of appeal on several entities, including the trial court. *See* Pa.R.A.P. 906(a).[3] This Court has explained that "[w]hen an appellant fails to serve the notice of appeal on the trial court

_____

[2] The certified record contains an affidavit of service from the registrar of wills of Butler County, explaining that on October 30, 2024, the registrar of wills served the notice of appeal upon counsel for the Estate. Nothing in the certified record indicates that the Orphans' Court was served with a copy of the notice of appeal.

[3] Rule 906 states: "Concurrently with the filing of the notice of appeal under Pa.R.A.P. 905, the appellant shall serve copies thereof … upon: ... (2) The judge of the court below, whether or not the reasons for the order appealed from already appear of record[.]" Pa.R.A.P. 906(a)(2).

per Rule 906(a)(2), this Court has discretion to take any appropriate action, including remand to the trial court for the completion of omitted procedural steps." *Coffman v. Kline*, 167 A.3d 772, 776 (Pa.Super. 2017), *appeal denied*, 645 Pa. 698, 182 A.3d 433 (2018) (quoting *Casselbury v. American Food Service*, 30 A.3d 510, 511 n.1 (Pa.Super. 2011)). *See also Casselbury, supra* at 511 n.1 (explaining that remand was not necessary where trial court had issued opinion accompanying its order that explained court's reasoning).

Generally, once an appeal is filed the trial court will direct an appellant to file a Rule 1925(b) statement of the issues complained of on appeal so that it may comply with Rule 1925(a)'s mandate to provide this Court with a statement of reasons for its rulings. *See* Pa.R.A.P. 1925(a) (stating that "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall…file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found").

Here, because the Orphans' Court was not served with Appellant's notice of appeal, it did not issue a Rule 1925(b) order or file a Rule 1925(a) opinion. As such, we do not have the benefit of an opinion explaining the reasons for the Orphans' Court's order. Accordingly, we remand this case for the Orphans' Court to permit Appellant to file and serve a Rule 1925(b) statement within

21 days of the date of the return of the record to the Orphans' Court.[4]  We further direct the Orphans' Court to issue an opinion pursuant to Rule 1925(a) addressing the issues raised in Appellant's Rule 1925(b) statement.  The Orphans' Court shall have 45 days from the date of the filing of Appellant's Rule 1925(b) statement of errors to file its opinion.  Following the filings of the Orphans' Court's Rule 1925(a) opinion, the parties shall promptly advise this Court whether they wish to file supplemental briefs or if they will rely on the briefs previously filed.  Should the parties notify this Court of an intent to file supplemental briefs, this Court will issue a briefing schedule thereafter.

Case remanded for further proceedings.  Panel jurisdiction is **retained**.

---

[4] We decline to quash Appellant's appeal based on his failure to serve the Orphans' Court with a copy of the notice of appeal.  ***See Coffman, supra***.